On behalf of Anahit and Akop Arutyunyan, and we are requesting from the court to remand the case for trial on the merits, set aside the defaults, judgment, and set aside the termination sanctions. Counsel, before we go very far, I wanted to say something. I respect the fact that lawyers need to be vigorous advocates for their clients, but reviewing this record, it seems to me that if all lawyers did what you did, our whole system would collapse. It seemed like you just gamed the court again and again and again. What am I missing? I believe that's an unfair statement to my… Tell me why. We complied with discovery at all points in this process. You delayed on everything. Excuse me, Your Honor? You delayed on everything. Your Honor, in terms of delay, I have clients who are first and foremost disabled, and they are producing at the rate that they produce. So when I receive documents or let's say – and the documents that were requested were significant, Your Honor, and we produced significant documents from front and back of this case. Now, in terms of the documents… That's not what the record shows. The record shows you didn't produce, and they had to go back again and again and again and try to get you to cooperate. Your Honor, as to… And there were more delays and more delays and more delays. Sure. As to the records that the court, let's say, ordered us to produce and the records that were requested, there was three items of evidence that were most important. One was the GPS data, which we could not get, and we never were able to get. And ultimately, when it came to the prejudice issue, Transamerica stated that they did receive it. So I received word from counsel that they did receive the GPS data. So that is – as to the prejudice to Transamerica, they already got their evidence. Second was the bank accounts, Your Honor. Bank accounts from my client specific to their, let's say, both Anahit and Aqap. All of – we went down to Macy's credit cards, Your Honor, with $2,000 limits. And these are – and we also gave Karina Aqapians, which was the wife of Aqap Arutun – I thought I said Aqapians. Karina Arutunian's evidence as to her bank accounts just to substantiate Aqap Arutunian's, and that was waiving her third-party privacy interest in doing so. Well, I want to focus more specifically on your multiple failures to comply with very clear instructions in court orders. You were given specific deadlines to do specific things, to file specific things, and you just ignored them. You didn't file a motion, I have lots of things going on, please give me more time, I need an extension. You just ignored them. And then when the court finally issues an order on October 20th telling you to work with opposing counsel and narrow down the issues that needed to be resolved, you ignored that order as well. You did not file – you did not cooperate and you did not file what the court requested. Your Honor, first and foremost, the orders by the court on the 20th, they were immediately followed a week later when we supplied a supplemental discovery response. But the court order tells you to do certain things. You were supposed to work with opposing counsel, narrow down the issues, file a joint status report, and you did not participate. You did not file your portion or provide your portion of the joint status report, and it went in as a one-sided document. That was not what the court wanted you to do, and you ignored what the court said. And then at that point, the court said, you're done. All your discovery objections are gone. Why is that an abuse of discretion? If you just flout court orders like you can do whatever you want, and then, you know, the court says, you forfeited your rights. Why is that an abuse of discretion? We can't have a system where people just do whatever they want and ignore court orders and then think they still can assert their rights. Understood, Your Honor. And I wholeheartedly apologize for, let's say, the court's view that I am ignoring the order. It's not by – it's the facts and the record. You disobeyed court orders over and over. Your Honor, I did follow the court's order in the meet and confer. I followed the court's order in the supplemental responses that we provided. And this is months after the initial discovery responses that we provided, and we continue to work with Transamerica to provide. Counsel, where does the record show the district court's account of the facts was incorrect? Specific as to my not meeting and conferring with counsel? Specific as to my supplying evidence? As to anything. Your Honor, I followed the court order as to the – Please point us to places in the record that show the district court's account of the facts are wrong. Your Honor, it is in my brief, and I don't want to go through the appendix because the appendix was a great – an extremely large appendix. But specific as to our compliance with the orders, we did meet and confer, and we did supply the Transamerica with the supplemental discovery. And that's – and the court ignores that fact. The court does ignore that we did comply with the court's order in providing supplemental discovery responses and the meet and confer. You're not directing me then. You're just telling me look at the whole record. No, I – I understand, Your Honor, but I don't have the appendix directly in front of me to point it out. Well, it's fairly – I mean, what this appeal hinges on for you at best is showing that the district court was wrong about some facts, and I don't see that in your brief. Beyond the factual analysis, Your Honor, it is also whether termination sanctions should be allowed for my mistake. If not in a case like this, then when? What would it take? We have eight – a series of eight court orders, well-documented disregard and violation of them. Your Honor, the courts prior to this in terms of decisions require willful and intentional disregard of the court's orders. We followed the orders, Your Honor, and at no point were lesser sanctions considered based on my actions. They were tried several times. Lesser sanctions were tried in this case? Yes. I – in the two orders previous to the final one, I did not see any lesser sanctions applied to us other than the fact that we were ordered to produce. Counsel, I think what you're hearing from the panel is we've looked at the record. You're not telling us what's different in the record, and the record shows again and again and again that you ignored the district court's orders. You did not comply. My colleague has asked you to point out in the record whether there are any facts in the district court's order that are incorrect. He's asked you for a page reference. You've given us nothing. You've given us some bloviation about general conduct. That is not helpful. Then, Your Honor, I'll use my rebuttal time to address the specific section where we did submit supplemental documents. So you want to sit down now is what you're saying? Yes. I want you to think about this. Is there any reason why, at the very least, this matter ought not to be submitted to the State Bar of California for possible sanctions? Your Honor, in terms of our compliance with the court orders, at no point did we ignore or flout our responsibility to respond to discovery. And the record shows it. The one item that I missed was the joint statement to the court where I was in the middle of trial at FSC and trial. Okay. Well, think about my question and what my other colleagues have asked, and we'll now hear from Transamerica. May it please the Court. My name is Michael Rifalco. I'm a partner with the Cozen O'Connor Law Firm. I'm here today on behalf of Plaintiff Appali, Transamerica Life Insurance Company. A very wise person once said that time is the only commodity that is irreplaceable. And so, especially based on how the initial part of this argument went, I'm going to keep this very brief. The record says what it says. It is clear to me after hearing this panel that the panel gets the facts here, which, of course, in a situation like this, because it is so unusual, is one of the greatest concerns for any attorney who has to argue. Whether or not through the course of papers and briefing, it will translate to an appellate panel just how egregious the underlying conduct was. Let me ask you this. I think we all agree about that part, but you've asked for attorney fees, but Rule 38 requires a separate motion. You didn't file that, did you? We did not, Your Honor. If we deny the fee on procedural grounds, would you then file such a motion? We would, Your Honor. Okay. So, in keeping this brief, because as I said… Excuse me. Yes, Your Honor. To be practical, do you have any realistic expectation you're going to be able to collect on the default judgment in its full amount? That's unknown to us at this time, Your Honor, because part of the information that was missing that we had subpoenaed was complete banking records and other financial records. We were provided a small snippet of some documents, but hardly complete records of everything, so I don't know the answer to that, Your Honor. The question is whether there would be any point in further financial sanctions. I'm sorry, I didn't hear you. The question is whether there would be any point in further financial sanctions in this case. Well, the possibility also exists, as it is my understanding under Rule of Appellate Procedure 38, that a sanction could be levied against the attorney in addition to the clients. And so even if we were to assume hypothetically that Mr. Coropian's clients could not satisfy the judgment or an additional sanctions measure, the possibility certainly exists that via perhaps professional liability, insurance coverage, or some other means, there could be a recovery against Mr. Coropian. What's your best argument that we should exercise our own independent ability to award attorney fees for a frivolous appeal? Well, Your Honor, I sense from the initial argument that was given by Mr. Coropian that the court does glean just how egregious this was. It was not one or two or three instances of violations of court orders. It was eight. There were two orders to show cause which were not responded to. There was a previous attempt at monetary sanctions, and the only reason monetary sanctions were not in fact awarded is because Mr. Coropian did not even respond to the order to show cause why he should not be sanctioned monetarily. There was another order by the court deeming that all of the objections which had been previously lodged informally through his papers by Mr. Coropian because, of course, despite court orders, he never actually filed an opposition to Transamerica's motion to compel. There was an order that all of his discovery objections were waived. You said it best, Judge Smith, I think, when Mr. Coropian was up here. If not in this case, then in what case? I would look at this panel and I would say, you know, it is unfortunate, but every once in a while, perhaps once every few years, this court needs to demonstrate that it means business on issues of discovery, on issues of violations of the rules, and perhaps most importantly, on the issue of violations of court orders. These are not things that we as attorneys can take lightly. We all take an oath under the Constitution that we serve this role. We cannot take these things lightly. So I would just repeat back to the panel, if not in this case, then when? I would ask the court to follow the decision in Adriana v. Lewis, 913 Federal 2nd, 1406. That's a Ninth Circuit decision from 1990, which has facts which are very similar to this case, including the imposition of additional sanctions at the end of the proceeding. And with that, I'll reserve my remaining time. Well, you're the respondent, so you don't have anything to reserve. But if you want to sit down, that may be the better part of judgment. So what can I say? I will, Your Honor. Very well. Thank you. All right. Mr. Karopian, you have some rebuttal time. Thank you, Your Honor. As to whether we have complied to the court's orders, Your Honor, our work justifies otherwise. Say that again, please. Our work justifies otherwise, Your Honor. Our work producing the documents, our work contacting trans-Americans, speaking to them, in terms of what our production was, speaks otherwise. And it does go to our subpoena. But, counsel, again, getting back to what my colleague, Judge Hamilton, said, we've got a record replete with repeated ignoring by your firm of the orders of the district court, eight in total. He asked you where in the record are any of the findings of the district court regarding your ignoring its orders incorrect. You have given us no such citation. Do you have one now? No, I do not, Your Honor. Okay. Get back to my question. Is there any reason, whether or not we impose sanctions as a court, is there any reason why this matter ought not to be referred to the state bar with respect to you and or your firm to determine whether a violation of your obligations as a lawyer have occurred? Your Honor, we worked tirelessly in order to meet the requirements of the discovery. If we missed deadlines. Counsel, with respect, how can you say that? You worked tirelessly to comply. There were eight orders that you ignored. You did not comply. How can you say you worked? Did you have anything else to do? If you were working tirelessly and you didn't respond to that, what happened? Understood, Your Honor. In terms of our work performed on this case, I am confident that we can prove no matter what that we did do our job in responding to the necessary discovery. And if we ignored orders, our objections originally were ignored from the beginning and the onset, Your Honor, especially as to the privacy concerns of my client. If I ignored and I apologize for that fact, we were just as ignored as to our discovery requests, excuse me, as to our objections to the discovery from the outset, Your Honor, and we held on to those objections from the beginning. The district court ignored your objections? Yes, Your Honor. It was never considered. Or they just didn't rule in your favor? No, Your Honor. They were never addressed. Our objections from day one were never addressed. So you're saying that when the district court issued an order that you objected and the district court failed to respond? Is that what you're saying? No, Your Honor. In terms of the objections we submitted to Transamerica in our discovery responses, when the orders came back stating that this is what the order of the court is as to the discovery rulings, our objections were never actually addressed. There was no review of our objections. No review of objections after you got the order? No, prior to that. Go ahead. I mean, if you have discovery objections, eventually there's going to be a dispute between the parties. Yes. And the rules set forth a machinery for doing that, and the motion to compel and the joint submission that's done in the central district, and you fail to participate in that process. And when deadlines were set so that the district court could identify the issues and decide them, you failed again to participate. You did not comply with the orders to supply your portion. And at that point, the district court said, if you're not giving me any defense of your objections, they are gone. And I don't see any abuse of discretion in the district court throwing up its hands at the end and saying, you're done. Understood, Your Honor. And I'll submit, Your Honor, unless the court has any other questions. Okay. Any other questions about my colleague? Very well. I suspect you'll hear from us. Thank you, Your Honor. The case just argued is submitted.
judges: SMITH, Hamilton, COLLINS